# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# BATESVILLE DIVISION

ERNEST TYRELL FRIAR, JR.                                                                  PLAINTIFF
ADC #660122

V.                                          1:14CV00097 BSM/HDY

JACKSON COUNTY
SHERIFF DEPARTMENT                                                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

    3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Ernest Tyrell Friar, Jr., who is currently at the Northeast Arkansas Community Correction Center, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on August 12, 2014, naming as a Defendant only the Jackson County Sheriff Department.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

In his original complaint, Plaintiff appeared to allege that he is being improperly held, that he is not receiving adequate medical care, and that his identity is being used by someone else. On August 25, 2014, the Court entered an order noting that Plaintiff's precise claims against Jackson County are not clear, and advising him that he cannot pursue multiple issues in one lawsuit (docket entry #3). That order directed Plaintiff to file an amended complaint within 30 days, and warned him that his failure to do so would result in the recommended dismissal of his complaint. On September 26, 2014, Plaintiff was granted additional time to file an amended complaint, which he filed on October 30, 2014 (docket entry #9).

Plaintiff's amended complaint does nothing to cure the deficiencies in the original. Plaintiff has named as a Defendant only the Jackson County Sheriff Department. Because Plaintiff is held at the Northeast Arkansas Community Correction Center, any concern about his current medical care does not involve Jackson County. Additionally, a sheriff's department is not subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (police and sheriff's departments are not usually considered legal entities subject to suit); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (West Memphis Police Department and Paramedic Services are departments of the

city government and not separate juridical entities suable as such); *De La Garza v. Kandiyohi County Jail, Correctional Institution*, 18 Fed.Appx. 436, 437 (8th Cir. 2001) (unpublished per curiam) (sheriff's department not a suable entity). To the extent that Plaintiff is attempting to pursue a claim against Jackson County, he has failed to identify any county policy or practice which caused an injury. A local government may not be sued under section 1983 on a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). In order to establish municipal liability, Plaintiff must prove a policy, practice, or custom, attributable to the municipality, and show that the policy, practice, or custom, directly caused a constitutional injury. *See Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1094 (8th Cir. 2004). Plaintiff's amended complaint fails to even make such an allegation.

Plaintiff's apparent claims that he is being improperly held or that he was wrongly arrested cannot be brought in this lawsuit. *See Heck v. Humphry*, 512 U.S. 477, 486-487 (1994) (if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*)*; Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (state prisoners may use only *habeas* remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of State's custody). *See also Echols v. Kemna*, 511 F.3d 783, 785 (8th Cir. 2007) (explaining that a petitioner generally must fully exhaust all available state remedies before commencing a federal *habeas* action to invalidate his commitment). There is no indication that Plaintiff has exhausted state remedies in an effort to invalidate his commitment, or that the validity

of his confinement has been called into question. Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  31   day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE